UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**BECKER LLC**
Eisenhower Plaza II
354 Eisenhower Parkway, Suite 1500
Livingston, New Jersey 07039
(973) 422-1100
ALLEN J. UNDERWOOD II, ESQ.
E-mail address: ajunderwood@becker.legal
*Attorneys for Tax Lien Creditor Bascom*
*Corporation*

| | |
|---|---|
| In re:<br><br>RONALD JONES AND KATHLEEN JONES,<br><br>      Debtors. | Case No. 19-14955 (RG)<br><br>Chapter 13<br><br>Judge: Hon. Rosemary Gambardella<br><br>Hearing Date: August 21, 2019 at 8:30 am |

**TAX LIEN CREDITOR BASCOM CORPORATION'S OBJECTION TO THE CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

TO: THE HONORABLE ROSEMARY GAMBARDELLA,
   UNITED STATES BANKRUPTCY JUDGE:

   Creditor, Bascom Corporation ("Bascom"), by and through its counsel, Becker LLC, hereby objects to Debtors proposed Chapter 13 Plan (Docket No. 18) filed on April 23, 2019 by the Debtors, Ronald Jones and Kathleen Jones ("Debtors"), pursuant to Sections 1325(a)(3), (a)(5), (a)(6) and (a)(7) of the Bankruptcy Code, and related Code provisions, and seeks denial of said Plan. In this Objection, Bascom respectfully represents as follows:

## BACKGROUND

**Pre-Petition Procedural History**

1.      Tax Lien Creditor Bascom is a New Jersey corporation with a business address at 495 River Street, Paterson, New Jersey 07524.

2.      According to Debtors' sworn Petition, Debtors are the sole owners of their place of residence located at 10 Wood Street, Wayne, New Jersey.

3.      According to Debtors' sworn Petition, Debtors are also the sole owners of a single family rental property located at 54 Holsman Street, Paterson, New Jersey ("54 Holsman").

4.      Prior to the instant bankruptcy proceeding, Debtors filed a petition for bankruptcy relief under Chapter 13 on March 25, 2011 under Case No. 11-18940 (MS).  Said proceeding was converted to a Chapter 7 on April 17, 2013.  Debtors ultimately obtained a Chapter 7 Discharge in that matter.

**Bascom Tax Lien as to 54 Holsman**

5.      By tax lien sale on June 23, 2016, Bascom acquired a Certificate of Sale for Unpaid Municipal Liens, and an assignment o same form the City of Paterson..  (*See*, Exhibit "A" attached hereto).

**Instant Chapter 13 Bankruptcy Proceeding**

6.      On March 12, 2019 ("Petition Date"), Debtors filed with this Court a voluntary petition (the "Petition") under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of New Jersey under Case No. 19-14944 (RG).

7.      Bascom was not scheduled by the Debtor on Debtors' Petition and Bascom did not receive initial notice of the instant Bankruptcy.

8.      The tax lien as to Debtors real property at 54 Holsman was never satisfied.

9.      On or about April 15, 2019 (post-petition), not having been provided notice of the Debtors' Bankruptcy by the Debtors, Bascom commenced a tax lien foreclosure action in the Superior Court of New Jersey, Passaic County. (*See*, Exhibit "B" attached hereto).

10.     Subsequent to the Petition Date, Debtors' counsel informed Bascom's counsel that the tax lien foreclosure complaint, filed post-petition, was both stayed and *void ab initio*.

11.     Bascom is in the process of dismissing the pending tax lien foreclosure complaint.

**Debtors Petition and Schedules**

12.     On Debtors Petition, Debtors scheduled two real properties on Schedule "A/B": (1) 10 Wood Street, Wayne, New Jersey 07470 ("Wayne Property") – upon which Debtors scheduled a purported fair market value of $570,000; and (2) 54 Holsman Street, Paterson, New Jersey 07501, ("Paterson Property") upon which Debtors scheduled a purported fair market value of $125,000.

13.     Bascom disputes the Debtor's scheduled valuation generally as to the 54 Holsman property.

14.     With respect to the Debtors' income and expenses, on Schedule "I" of Debtors' Petition, Debtors scheduled themselves as of the Petition Date, earning a purported $3,934.62 in gross income per month. Debtors also scheduled other monthly income from "other government assistance" NJ Adoption stipend (Kyzeir) in the amount of $895.00 and NJ Adoption stipend (Mariah) in the amount of $895.00. Debtors' also scheduled other monthly income from "rental property" in the amount of $1,150.00 bringing their total monthly income to $6,824.62.

15.     Apparently the rental income is attributable to a tenant at 54 Holsman.

16.     Debtors have failed to amend their Petition and Schedules to add Bascom as a creditor.

17.     Debtors' counsel has indicated that Debtors will agree to a consent order permitting Bascom to late file a claim as timely filed, given Debtors' failure to timely schedule or notice Bascom.

**Debtors' Proposed Plan**

18.     On April 23, 2019, Debtors filed their Chapter 13 Plan ("Plan"). Debtors' Chapter 13 Plan provides for a monthly Plan payment of $125.00 per month for a period of 60 months commencing April 1, 2019.

19.     Debtors Plan fails to provide for the secured tax lien claim of Bascom.

20.     Debtors Plain fails to provide for the payment of the secured tax lien claim of Bascom.

21.     Debtors Plan fails to provide for the payment of any other real estate tax arrears for 54 Holsman, and it fails to budget and provide for payment of current and future municipal real estate taxes on 54 Holsman.

22.     Debtors Plan appears to fail to provide for any arrears and current amounts due to the mortgage holder as to 54 Holsman. Upon information, Debtor is in arrears to that mortgage holder.

23.     Debtors Plan asserts that Plan payments will be made in part through the proceeds of a sale of 54 Holsman.

24.     Debtors have separately retained a broker to sell 54 Holsman.

25.     Debtors Plan fails to provide for payment of the Bascom tax lien claim in full from the proceeds of the sale of 54 Holsman.

4

26.    Through the Petition Date, Bascom is due not less than $2,418.15. Bascom will certify to the proper amount at the time of claims filing.

27.    Debtors, in failing to address Bascom's claim, in effect seek to modify the rights of Bascom, which is the holder of a tax lien claim secured only by a lien on real property that is not principal residence of the Debtors.

28.    Debtors proposed plan fails to comply with the requirements of the Bankruptcy Code and is not proposed in good faith.

29.    Debtors proposed plan does not provide that Bascom will retain its lien in the event 54 Holsman is not sold, but the Plan is otherwise funded.

30.    Debtor(s) proposed plan is not feasible if the 54 Holsman property is not sold.

31.    Debtor(s) proposed plan fails to comply with other applicable provisions of Title 11. In the event any portion of Bascom's claim is deemed to be an unsecured claim as defined by the Code, objection is hereby made pursuant to 11 U.S.C § 1325(a)(4) and 1325(b), et seq. unless the plan provides for full payment of the claim.

32.    On the basis of the foregoing and subsequent paragraphs, Bascom respectfully requests that this Court deny confirmation of Debtors' proposed Chapter 13 Plan.

**Legal Argument**

33.    Bascom asserts the following independent grounds for denial of confirmation of Debtors' Plan pursuant to *Section* 1325: (1) Debtors' lack of good faith in proposing a plan under Section 1325(a)(3); (2) Debtors' Plan is non-confirmable because it fails to fully provide for payment of the entirety of Bascom's secured claim as required under Section 1325(a)(5); (3) Debtors' minimal net monthly income is apparently insufficient to satisfy the Plan, and ongoing tax obligations as to 54 Holsman, in the event Debtor fails to sell 54 Holsman; and (4) the lack of

Debtors' net monthly income makes it infeasible for Debtors to make all payments under the Plan as required under Section 1325(a)(6).

34.    Section 1325(a) of the Bankruptcy Code states nine requirements for confirmation of a plan in Chapter 13.

35.    The following requirements are particularly relevant to the Bascom's Objection and the circumstances of this case.

36.    In pertinent part, Section 1325(a) provides:

> **(a)** Except as provided in subsection (b), **the court shall confirm a plan if--**
>
>> **(3) the plan has been proposed in good faith** and not by any means forbidden by law;
>> …
>> **(5)** with respect to each **allowed secured claim** provided for by the plan—
>>
>>> **(A)** the holder of such claim has accepted the plan;
>>> …
>>> **(B)(ii)** the value, as of the effective date of the plan, of property to be distributed under the plan on account of such [secured] claim is not less than the allowed amount of such claim; and
>>> …
>> **(6) the debtor will be able to make all payments** under the plan and to comply with the plan;

11  U.S.C.A. § 1325 (West)(emphasis added).

**Section 1325(a)(3) – Plan Proposed in Good Faith**

37.    To be confirmable under Section 1325(a)(3), a Chapter 13 plan must be proposed in "good faith". The Bankruptcy Code does not define "good faith".

38.    In the instant case, as a preliminary matter, the Court should find that based on the record and arguments herein, Bascom has satisfied their initial burden. The Debtors are proposing a nominal payment plan extending to 60 months.

39.     Debtors' ability to make Plan payments and/or earn post-petition is at best, dubious and at worst, infeasible.

40.     By failing to schedule Bascom, or address Bascom in their Plan, Debtors raise the inference that Debtors have not proceeded in good faith.

41.     Thus, for the foregoing reasons, the Court should find that Debtors' Plan has not been proposed in good faith as required by Section 1325(a)(3), and confirmation can be denied on this basis alone.

**Section 1325(a)(5)  - Confirmability of Plan**

42.     Under the BAPCPA Amendments of 2005, Section 1325(a)(5) was amended to provide that a Chapter 13 Plan which effects secured claims cannot be confirmed unless: (1) the holder of the effected claim accepts the Plan, *see* § 1325(a)(5)(A); (2) the plan provides for the holder to retain the lien and receive periodic payments equaling the present value of the collateral, *see* § 1325(a)(5)(B); or (3) the debtor surrenders the property, *see* § 1325(a)(5)(C). *See e.g., HSBC Bank USA, N.A. v. Zair*, 550 B.R. 188, 190 (E.D.N.Y. 2016), *appeal dismissed* (Nov. 15, 2016)(finding that one of the three requisites of Section 1325(a)(5) must be true in order for a repayment plan to be confirmed).

43.     Here, the proposed Plan does not propose to surrender the collateral to the secured creditor(s) and fails to provide the secured creditor(s) with the equivalent of the present value of the collateral over the life of the plan.

44.     Thus, for the foregoing reasons, the Court should find that Debtors' Plan is not confirmable as required by Section 1325(a)(5). And confirmation can be denied on this basis alone.

**Section 1325(a)(6) – Ability to Pay Bascom's Claim**

45.     With respect to Section 1325(a)(6), Bascom notes that because the Plan appears to be contingent on a sale of 54 Holsman, in the event of a failure of a sale, Debtors would be unable to pay Bascom's claim.

**Creditor Would Obtain More in Chapter 7**

46.     Although the mortgage status of the 54 Holsman property is unclear, upon information there appears to be sufficient equity in 54 Holsman that Bascom would receive more than proposed under the current plan, if 54 Holsman were liquidated in Chapter 7. On this basis alone, confirmation of the proposed Plan must be denied.

## CONCLUSION

WHEREFORE, Bascom respectfully requests that this Court enter an order denying confirmation of Debtors' Chapter 13 Plan pursuant to 11 U.S.C. §1325(a), and granting any such further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

**BECKER LLC**
*Attorneys for Creditor,*
*Bascom Corporation*

By: /s/ Allen J. Underwood II
    ALLEN J. UNDERWOOD II, ESQ.
    Eisenhower Plaza II
    354 Eisenhower Parkway, Suite 1500
    Livingston, New Jersey 07039
    Phone: (973) 422-1100
    Facsimile: (973) 422-9122
    ajunderwood@becker.legal

Dated:  August 15, 2019

EXHIBIT "A"

# CERTIFICATE OF SALE

**FOR UNPAID MUNICIPAL LIENS**

| NUMBER |
|---|
| 2017-003435 |

## Items comprising the amount of the Sale

| DESCRIPTION | AMOUNT | PENALTY | TOTAL |
|---|---|---|---|
| 2016 SEWER | 224.00 | 21.04 | 245.04 |
| TAX SALE COST | | 15.00 | 15.00 |
| TOTAL AMOUNT OF SALE | 224.00 | 36.04 | 260.04 |

**P.L. 1983, CHAPTER 478, APPROVED JANUARY 12,1984.**
The cost of sale shall be 2% of the existing lien (total of items above including interest) but not less the $15 and not more than $100.

**PREMIUM ( IF ANY) PAID**

I, **SONIA SCHULMAN**                    **COLLECTOR OF TAXES** of the taxing district of
**CITY OF PATERSON**                    in the COUNTY of    **PASSAIC**
and State of New Jersey, do hereby certify that on the    **23RD** day of    **JUNE , 2016**    at a public sale of lands for delinquent municipal liens, pursuant to the Revised Statutes of New Jersey, 1937, Title 54, Chapter 5, and the amendments and supplements thereto

sold to:        **CITY OF PATERSON**
who's address is    **155 MARKET STREET**
    **PATERSON NEW JERSEY    07505**

for    **260** Dollars and    **04** cents the land in said taxing district    **OF PATERSON**
described as Block No.    **00218**    lot No.    **00005** Qualification Code
and Additional Lots
and known as        **52-54 HOLSMAN ST**                    ,on the tax duplicate thereof
and assessed thereon to    **SAPP, KATHLEEN**
    **10 WOOD STREET**
    **WAYNE, NJ**                    **07470**

Said sale is subject to redemption on repayment of the amount of the sale, together with interest at the rate of **18.00** per centum per annum from the date of sale and the costs incurred by the purchaser as defined by statute. The sale is subject to municipal liens accruing after    **JUNE 30, 2016**

The right to redeem will expire in six months after the service of notice to redeem, except that the right to redeem shall extend for six months from the date of sale or from the date of service of notice where the municipality is the purchaser and extend for two years from the date of sale for all other purchasers.

**In Witness Whereof,** I have hereunto set my hand and seal this    **29TH** day of **NOVEMBER,**    **2018**

STATE OF NEW JERSEY        ss:    _Sonia H Schulman_        (SEAL)
COUNTY OF    **PASSAIC**            SONIA SCHULMAN    , COLLECTOR OF TAXES

**Be It Remembered,** that on this **29TH** day of **NOVEMBER, 2018** before me    **A NOTARY PUBLIC**
OF NEW JERSEY        personally appeared    **SONIA SCHULMAN**
Collector of Taxes of the taxing district of **CITY OF PATERSON**    in the County of    **PASSAIC**

who, I am satisfied, is the individual described herein, and who executed the above Certificate of Sale; and I having made known to him the contents thereof, he thereupon acknowledged to me that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes thereon expressed.

_Sonia H Schulman_        _Awilda Torres_

PREPARED BY:    **SONIA SCHULMAN**

| AWILDA D TORRES |
| Notary Public, State of New Jersey |
| My Commission Expires |
| November 5, 2022 |

NOTE: NJSA 46: 15-3. All signatures appearing on the certificate. those of the Collector and the Notary Public who takes his acknowledgment. shall be printed, typed or stamped underneath such signature the name of the person that signed.

00KX79

6462* *74N
115*

## Passaic County Document Summary Sheet

| County Clerk, Registry Division | Return Name and Address |
|---|---|
| 401 Grand Street<br>Room 113<br>Paterson, NJ 07505 | *Bascom Corporation*<br>*495 River St*<br>*Paterson NJ 07524* |

| **Official Use Only** | | |
|---|---|---|
| | Submitting Company | *Bascom Corporation* |
| DANIELLE IRELAND-IMHOF<br>CLERK<br>PASSAIC COUNTY<br>New Jersey | Document Type | *Assignment* |
| INSTRUMENT NUMBER<br>2019011762 | Document Date (mm/dd/yyyy) | *11/29/18* |
| RECORDED ON<br>Mar 19, 2019<br>10:29:27 AM | No. of Pages of the Original Signed Document<br>(Including the cover sheet) | *6* |
| BOOK=AS651<br>PAGE=197<br>Total Pages: 6 | Consideration Amount (if applicable) | |

| NJ PRESERVATION    $350.00<br>ACCOUNT | | | | | |
|---|---|---|---|---|---|
| RECORDING FEES -    $784.00<br>RECORDER OF DEEDS | **First Party**<br>(Grantor or Mortgagor or Assignor)<br>(Enter up to five names) | Name(s) *(Last Name First Name Middle Initial Suffix)*<br>*(or Company Name as written)* | | Address *(Optional)* | |
| TOTAL PAID    $1,134.00<br>INV: 13130309 | | *City of Paterson* | | | |
| | **Second Party**<br>(Grantee or Mortgagee or Assignee)<br>(Enter up to five names) | Name(s) *(Last Name First Name Middle Initial Suffix)*<br>*(or Company Name as written)* | | Address *(Optional)* | |
| | | *Bascom Corporation* | | | |

| **Parcel Information**<br>(Enter up to three entries) | Municipality | Block | Lot | Qualifier | Property Address |
|---|---|---|---|---|---|
| | *Paterson* | *111* | *44* | | |

| **Reference Information**<br>(Enter up to three entries) | Book Type | Book | Beginning Page | Instrument No. | Recorded/File Date |
|---|---|---|---|---|---|
| | *Mort* | *15316* | *128* | | |

*DO NOT REMOVE THIS PAGE.
DOCUMENT SUMMARY SHEET (COVER SHEET) IS PART OF PASSAIC COUNTY FILING RECORD. RETAIN THIS PAGE FOR FUTURE REFERENCE.

PREPARED BY:

BEN-DAVID SELIGMAN
2ND. ASST. CORP. COUNSEL

TAX CERTIFICATE ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS, that the City of Paterson, (hereinafter

"the City") a Municipal Corporation of the State of New Jersey, in the County of Passaic, in

consideration of the sum of ████████████████████████

████████████████    lawful money of the

████████    United States of America, to it in hand paid by BASCOM CORPORATION

495 RIVER ST.-PATERSON, NEW JERSEY  07524 (hereinafter "the Buyer") at or before the

application of the City seal of these present documents, does hereby grant, bargain, sell, assign, transfer,

and set over unto the Buyer, her, his or its heirs, successors and assigns, all those certain tax sale

certificates set out on the schedule of assignments annexed hereto, pursuant to tax sales

covering the land and premises reflected thereon, together with all subsequent municipal

liens, interest and costs thereon up to and including the taxes for the 3RD. ¼ 2018, an

itemized statement of which is reflected on said schedule, together with all right, title and

interest acquired by virtue of said Certificate of Tax Sale and to the premises mentioned and

described therein, and the subsequent municipal liens, interest and costs, as aforesaid.



| ASSIGNMENT SALE-11/29/18 | | | | | | | | |
| BASCOM CORP | | | | | | | | |
| Cert. # | Date of Tax Sale | Cert. Amt. | Block | Lot | Book | Page | Assessed To: | Assignment Amt. |
| 3435 | 6/23/2016 | 260.04 | 218 | 5 | M15396 | 134 - SAPP, KATHLEEN | | 2,100.00 |



FURTHERMORE, the City does hereby make, constitute and appoint the Buyer its true and lawful attorney, irrevocable, at his or its own proper costs and charges, to have, use and make all lawful ways and means for the recovery of all said monies, and in case of payment of the sum due thereon to discharge the same as fully as it might or could do if these presents were not made.

THIS ASSIGNMENT is made under and in accordance with the provisions of New Jersey Statutes Annotated 54:5-114.2 and also in accordance with a resolution adopted by the governing body of said City of Paterson on January 15, 2019.

Each certificate assigned was for a delinquency owed by the taxpayer as of the November 29, 2018 sale.

IN WITNESS WHEREOF, the City of Paterson has caused these presents to be duly signed and attested, and its corporate seal to be hereto affixed on this 27th. day of February, 2019.

ATTEST:

SONIA L. GORDON
CITY CLERK

Reviewed and Approved as to the Stated Facts, and as to the Terms of the Agreement:

MARGARET CHERONE
C. F. O.

CITY OF PATERSON

ANDRE SAYEGH
MAYOR

Reviewed and Approved as to Law, Based upon the Stated Facts:

KHALIFAH SHABAZZ
CORPORATION COUNSEL

BY: BEN-DAVID SELIGMAN
2ND. ASST. CORP. COUNSEL

STATE OF NEW JERSEY:

COUNTY OF PASSAIC:          SS:

    BE IT REMEMBERED that on this 27th. Day of February, 2019 before me the

subscriber, a Notary Public or Attorney at Law of New Jersey, that Sonia Gordon

City Clerk of the City of Paterson appeared, who being by me duly sworn, do depose

and make proof to my satisfaction that she is such City Clerk of the said City of Paterson, the

assignor named in the foregoing assignment; that the seal thereto affixed is the proper seal

of said City of Paterson, and that the same was so affixed thereto, and the said assignment

was signed by Andre Sayegh who was at the date of the execution thereof, the

Mayor of said City of Paterson as the voluntary act and deed of the said City of Paterson in

the presence of said deponent, and that deponent subscribed the same as witness to the

execution thereof.

SONIA L. GORDON
CITY CLERK

Subscribed and sworn to me this
27th. Day of February, 2019

BEN-DAVID SELIGMAN
Attorney-at-Law
State of New Jersey

**END OF DOCUMENT**

EXHIBIT "B"

PELLEGRINO & FELDSTEIN, L.L.C.
Deborah T. Feldstein--030521994
290 Route 46 West
Denville, NJ 07834
(973) 586-2300
CAP File No. 26493-19
Attorneys for Plaintiff(s)

| | |
|---|---|
| BASCOM CORPORATION<br>Plaintiff<br><br>vs.<br><br>KATHLEEN SAPP A/K/A KATHLEEN<br>JONES A/K/A KATHLEEN SIMMONS;<br>JOHN DOE, HUSBAND OF KATHLEEN<br>SAPP A/K/A KATHLEEN JONES A/K/A<br>KATHLEEN SIMMONS, SAID NAME<br>JOHN DOE BEING FICTITIOUS;<br>CITIMORTGAGE, INC.; BRANCH<br>BANKING TRUST CO; HACKENSACK<br>UNIVERSITY MEDICAL CENTER; JOHN<br>DOE, SAID NAME BEING FICTITIOUS;<br>JANE DOE, SAID NAME BEING<br>FICTITIOUS; STATE OF NEW JERSEY<br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br><br>PASSAIC COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br>FORECLOSURE COMPLAINT |

BASCOM CORPORATION, complaining of the Defendant(s) says:

### *FIRST COUNT*

1.    Title of record to the premises became vested in Kathleen Sapp, by Deed from Monsims

Realty Co., dated April 8, 1981, and recorded in the PASSAIC County Clerk's/Register's

Office on  April 21, 1981, in Deed Book Z106, page 508.

2.    The premises in question for this Count are known as LOT 5 BLOCK 218 on the Tax Map of

holder of said tax sale certificate, and taxes and assessments have been accrued and are owing to the plaintiff since the date of said sale.

7.    On 3/12/2019, the plaintiff served written notice, by certified mail with postage prepaid thereon, of plaintiff's intention to file the within complaint, which notice included the amount due on the tax lien or liens to be foreclosed herein as of the date of the notice, to the last known addresses of all parties entitled to redeem in accordance with N.J.S.A. 54:5-97.1 and 54:5-54, as amended, and on the same date also filed such notice with the municipal tax collector's office.

8.    Any interest or lien which any of the defendants herein has or claims to have in or upon the said premises described in Paragraph 2 herein or some part thereof, is subject to the lien of the Plaintiff's tax sale certificate.

9.    There is now due on said tax sale certificate #2017-003435 which is described in paragraphs 3 and 4 herein, a sum which includes the original amount due for unpaid taxes and costs, plus subsequent taxes paid thereon with statutory interest due to the Plaintiff. The current amount due must be obtained from the Tax Collector's Office.    In addition, the tax collector will add any additional interest, additional taxes and/or penalties that may become due and owing as of the date that redemption occurs.

10.    Schedule A attached hereto is made part hereof and the paragraph therein are incorporated herein in their entirety.

WHEREFORE, Plaintiff demands Judgment:

    (a)    Fixing the amount due on said Tax Sale Certificate;

    (b)    Barring and foreclosing the defendants of all equity of redemption in and to the

lands and premises described in Paragraph 2 above;

(c)     Directing that the Plaintiff be paid the amount due on said tax sale certificate together with interest and costs by a day to be appointed by this Honorable Court for the purposes, or in default thereof, that the said defendants and all persons claiming by, through or under them may be debarred and foreclosed of and from all equity and right of redemption on or to the premises described in Paragraph 2 herein.

(d)     Directing that the Plaintiff be vested with an absolute and indefeasible estate of inheritance in fee simple in and to the lands described in Paragraph 2 herein.

## _SECOND COUNT_

1.      By virtue of the entry of judgment in Count 1, Plaintiff is entitled to possession of premises located in PATERSON, County of PASSAIC, and State of New Jersey, more particularly described in Paragraph 2 of the First Count.  Said claims are joined in one action pursuant to R.4:27-2.

2.      Defendants have at all times since that date deprived the plaintiff of possession of said premises.

**WHEREFORE**, Plaintiff, or its assigns, demands Judgment:

(a)     That the said defendants and all persons claiming by, through, or under them be directed to deliver up to the plaintiff the possession of the said lands and premises, together with all deeds, papers, and writings in their custody and power relating to or concerning the said lands and premises or any part thereof;

(b)     For costs.

PELLEGRINO & FELDSTEIN, LLC
Attorneys for Plaintiff


By:    S/Deborah T. Feldstein
        Deborah T. Feldstein, Esq.

DATED: April 12, 2019

## SCHEDULE A

A.) After due inquiry, the Plaintiff has been unable to ascertain the name of the husband of Kathleen Sapp a/k/a Kathleen Jones a/k/a Kathleen Simmons, if any, and said husband is designated as John Doe, husband of Kathleen Sapp a/k/a Kathleen Jones a/k/a Kathleen Simmons.

B.) On October 3, 2008, Kathleen Sapp a/k/a Kathleen Jones a/k/a Kathleen Simmons and Rondal Jones, executed a mortgage to  Citicorp Trust Bank, fsb in the amount of $ 149,028.81, which mortgage was recorded on October 29, 2008 in the  PASSAIC County Clerk's/Register's Office in Mortgage Book 10107 at page 49. Said mortgage is subordinate to the Plaintiff's lien.

On August 10, 2012 the aforesaid mortgagee assigned all its right, title and interest in and to said Mortgage to Bayview Loan Servicing, LLC by way of Assignment of Mortgage of that date, which Assignment of Mortgage was recorded in the PASSAIC County Clerk's/Register's Office on September 24, 2012 in Book 383 of Assignment of Mortgages at page 210.

On October 17, 2012 the aforesaid mortgagee assigned all its right, title and interest in and to said Mortgage to CitiMortgage, Inc. by way of Assignment of Mortgage of that date, which Assignment of Mortgage was recorded in the PASSAIC County Clerk's/Register's Office on November 2, 2012 in Book 388 of Assignment of Mortgages at page 32.

SWC-F-007124-19   04/15/2019 8:40:37 AM  Pg 6 of 7 Trans ID: CHC2019158979

C.) The judgment holders which appear on the attached abstract of judgments are joined herein as parties defendant.  Any lien which they may have is subordinate to the lien being foreclosed herein.

D.)  John Doe and Jane Doe, said names being fictitious, tenants, are made party defendants to this action for any leasehold, possessory or other interest they may have in to or against the subject premises by virtue of their occupancy except to the extent that said interest is protected by the Anti-Eviction Act.

E.) The State of New Jersey is hereby joined as a party defendant on behalf of the Office of the Public Defender.

SWC-F-007124-19   04/15/2019 8:40:37 AM Pg 7 of 7 Trans ID: CHC2019158979

4.

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-136305-2011          CASE NUMBER: L   001891  10
DATE ENTERED: 05/10/11      DATE SIGNED: 03/02/11
TYPE OF ACTION: CONTRACT
VENUE: SOMERSET

DEBT: $        47,886.24
COSTS: $          240.00

CREDITOR(S):
    BRANCH BANKING TRUSTCO
        ATTORNEY: MATTLEMAN WEINROTH & MILLER
DEBTOR(S):
    KATE JONES JORDAN
        (No Address)        -----------------
        KATE JONES ADDED TO OUR INDEX.
        KATE JORDAN ADDED TO OUR INDEX.
            *** End of Abstract ***

_____ INIT

20.

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-221069-2012          CASE NUMBER: DC 010559  12
DATE DOCKETED: 10/15/12      DATE OF JUDGMENT IN S.C.P.: 09/20/12
TYPE OF ACTION: CONTRC-REG
VENUE: PASSAIC

DEBT: $          954.60
COSTS: $           73.09
DCKG: $            10.00

CREDITOR(S):
    HACKENSACK UNIVERSITY MEDICAL CENTER
            30 PROSPECT AV, HACKENSACK, NJ 07601
        ATTORNEY: CELENTANO STADTMAUER & WALENTOWICZ
            1035 ROUTE 46 EAST
            PO BOX 2594
            CLIFTON NJ 07015
            973-778-1771
DEBTOR(S):
    KATHLEEN JONES
            10 WOOD ST, WAYNE, NJ 07470
        ATTORNEY: PRO SE        -----------------

            *** End of Abstract ***

RN19-085-01847          RE: 26493-19                        18
644-2600-97

37.

_____ INIT

SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-176651-2013
DATE ENTERED: 09/05/13
LIEN FOR LEGAL SERVICES
VENUE: MERCER

DEBT: $          277.00

CREDITOR: OFFICE OF THE PUBLIC DEFENDER
DEBTOR(S):
    CATHY JONES ,PRO SE
        41 SOUTH MUNN APT 102
        EAST ORANGE, NJ 07018
    ATTORNEY: PRO SE        -----------------

        *** End of Abstract ***



SWC-F-007124-19   04/15/2019 8:40:37 AM  Pg 1 of 3 Trans ID: CHC2019158979

# Foreclosure Case Information Statement

## Case Details: PASSAIC | General Equity Docket # 007124-19

**Case Caption:** BASCOM CORPORATION VS KATHLEEN SAPP A/K/A KATHLE
**Case Initiation date:** 04/15/2019

**Case Type:** IN PERSONAM TAX FORECLOSURE
**Document Type:** Complaint

## Plaintiff(s) (1)

**Name:** BASCOM CORPORATION
**Address Line 1:** C/O PELLEGRINO & FELDSTEIN
**Address Line 2:** 290 ROUTE 46 WEST
**City:** DENVILLE        **State:** NJ        **Zip:** 07834        **Phone:** 9735862300
**Attorney Name:** MICHAEL G PELLEGRINO

**Party Type:** Business
**Corporation Type:**

**Email Address:** STEVENE@CAPLAW.NET

## Defendant(s) (8)

**Name:**
**Address Line 1:**
**Address Line 2:**
**City:**        **State:** NJ        **Zip:**        **Phone:**
**Attorney Name:**

**Party Type:** Fictitious
**Corporation Type:**

**Email Address:**

---

**Name:**
**Address Line 1:**
**Address Line 2:**
**City:**        **State:** NJ        **Zip:**        **Phone:**
**Attorney Name:**

**Party Type:** Fictitious
**Corporation Type:**

**Email Address:**

---

**Name:**
**Address Line 1:**
**Address Line 2:**
**City:**        **State:** NJ        **Zip:**        **Phone:**
**Attorney Name:**

**Party Type:** Fictitious
**Corporation Type:**

**Email Address:**

---

SWC-F-007124-19   04/15/2019 8:40:37 AM  Pg 2 of 3 Trans ID: CHC2019158979

**Name:**                                           **Party Type:** Fictitious

**Address Line 1:**                                  **Corporation Type:**

**Address Line 2:**

**City:**                    **State:** NJ    **Zip:**         **Phone:**

**Attorney Name:**                                  **Email Address:**

---

**Name:**                                           **Party Type:** Fictitious

**Address Line 1:**                                  **Corporation Type:**

**Address Line 2:**

**City:**                    **State:** NJ    **Zip:**         **Phone:**

**Attorney Name:**                                  **Email Address:**

---

**Name:**                                           **Party Type:** Fictitious

**Address Line 1:**                                  **Corporation Type:**

**Address Line 2:**

**City:**                    **State:** NJ    **Zip:**         **Phone:**

**Attorney Name:**                                  **Email Address:**

---

**Name:**                                           **Party Type:** Fictitious

**Address Line 1:**                                  **Corporation Type:**

**Address Line 2:**

**City:**                    **State:** NJ    **Zip:**         **Phone:**

**Attorney Name:**                                  **Email Address:**

---

**Name:**                                           **Party Type:** Fictitious

**Address Line 1:**                                  **Corporation Type:**

**Address Line 2:**

**City:**                    **State:** NJ    **Zip:**         **Phone:**

**Attorney Name:**                                  **Email Address:**

**Property(s)**                                                              (1)

**Property Address:** 52-54 HOLSMAN ST      **County:** PASSAIC

**Municipality:** PATERSON CITY      **Block:** 218      **Lot:** 5

**Zip:** 07522

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/15/2019                                                          /s/ MICHAEL G PELLEGRINO
Dated                                                                Signed

ATLANTIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl
Atlantic City, NJ 08401
LAWYER REFERRAL - LEGAL SERVICES
(609) 345-3444 - (609) 345-4200

CUMBERLAND COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street, PO Box 10
Bridgeton, NJ 08302
LEGAL REFERRAL - LEGAL SERVICE?
(856) 969-5550 - (856) 691-0494

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S Broad Street, PO Box 8068
Trenton, NJ 08650
LAWYER REFERRAL - LEGAL SERVICES
(609) 585-6200 - (609) 695-6249

BERGEN COUNTY:
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main Street
LAWYER REFERRAL - LEGAL SERVICES
(201) 488-0044 - (201) 487-2166

ESSEX COUNTY:
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Martin Luther King Jr. Blvd.
Newark, NJ 07102
LAWYER REFERRAL - LEGAL SERVICES
(973) 622-6204 - (973) 624-4500

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, PO Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL - LEGAL SERVICES
(732) 828-0053 - (856) 249-7600

BURLINGTON COUNTY.
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.,
Mt. Holly, NJ 08060
LAWYER REFERRAL - LEGAL SERVICES
(609) 261-4862 - (800) 496-4570

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL - LEGAL SERVICES
(856) 848-4589 - (856) 848-5360

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
PO Box 1269
Freehold, NJ 07728
LAWYER REFERRAL - LEGAL SERVICES
(732) 431-5544 - (732) 249-7600

CAMDEN COUNTY:
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL - LEGAL SERVICES
(856) 964-4520 - (856) 964-7510

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House- 1st Floor
583 Newark Ave.
Jersey City, NJ 07306
LAWYER REFERRAL - LEGAL SERVICES
(201) 798-2727 - (201) 792-6363

MORRIS COUNTY:
Clerk of the Superior Court
Civil Division
Washington and Court Streets
PO Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL - LEGAL SERVICES
(973) 267-5882 - (973) 285-6911

CAPE MAY COUNTY:
Deputy Clerk of the Superior Court
9 N-Main Street
Cape May Court House, NJ 08210
LAWYER REFERRAL - LEGAL SERVICES
(609) 463-0313 - (609) 465-3001

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL - LEGAL SERVICES
(908) 735-2611 - (908) 782-7979

OCEAN COUNTY:
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
PO Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL - LEGAL SERVICES

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL - LEGAL SERVICES
(973) 278-9223 - (973) 523-2900

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division
PO Box 3000
40 North Bridge Street
Somerville, NJ 08876
LAWYER REFERRAL - LEGAL SERVICES
(908) 685-2323 - (908) 231-0840

UNION COUNTY:
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL - LEGAL SERVICES
(908) 353-4715 - (908) 354-4340

SALEM COUNTY:
Deputy Clerk of the Superior Court
Attn: Civil Case Management Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL - LEGAL SERVICES
(856) 935-5629 - (856) 451-0003

SUSSEX COUNTY:
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL - LEGAL SERVICES
(973) 267-5882 - (973) 383-7400

WARREN COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL - LEGAL SERVICES
(973) 267-5882 - (908) 475-2010