**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security    0 Assumption of Executory Contract or Unexpired Lease    0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:  Ronald Jones
        Kathleen Jones

Case No.: 19-14955
Judge: RG

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included
☐ Modified/Notice Required
☑ Modified/No Notice Required
Date: 9/4/2019

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney **DES**    Initial Debtor: **R J**    Initial Co-Debtor **K J**

## Part 1: Payment and Length of Plan

a. The debtor shall pay **$125.00 Monthly** to the Chapter 13 Trustee, starting on **September 1, 2019** for approximately **31** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available): $600 Paid into Plan

c. Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description: 54 Holsman St. Paterson, NJ 07522
  Proposed date for completion: **6 months from confirmation**

- ☐ Refinance of real property:
  Description:
  Proposed date for completion:

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    X NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Scura, Wigfield, Heyer, Stevens & Cammarota, LLP** | **Attorney Fees** | 1,560.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:
  ☑ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Fay Servicing | 10 Wood St. Wayne, NJ 07470 | 11,392.53 | | 11,392.53 | 4,131.00 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ **NONE**

   1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

3

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

Creditor

### g. Secured Claims to be Paid in Full Through the Plan ☐ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| Planet Funding (Bayview Funding) | 54 Holsman St., Paterson, NJ | Paid in full outside of Plan pursuant to a valid payoff |
| Bascom Corporation | 54 Holsman St. Paterson NJ | $2,418.15 (paid outside of Plan with sale proceeds from 54 Holsman St.) |
| Hackensack University Medical Center | 10 Wood St Wayne, NJ 07470 Passaic County (DJ-221069-2012) | 954.60 (paid outside of plan with sale proceeds from 54 Holsman St.) |

## Part 5: Unsecured Claims   ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
   ☑   Not less than $ **9,659.25** to be distributed *pro rata*

   ☐   Not less than ___ percent

   ☐   *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases   ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

### Part 7: Motions    ☒ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

    c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

### Part 8: Other Plan Provisions

    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
        1)    Ch. 13 Standing Trustee Commissions

2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

d. **Post-Petition Claims**

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

| **Part 9: Modification** | **☐ NONE** |
|---|---|
| If this Plan modifies a Plan previously filed in this case, complete the information below. Date of Plan being modified: __June 14, 2019__. | |
| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
| **To reflect correct base amount due to unexempt equity in 54 Holsman St.** | **Part 5a updated to reflect base amount.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☑ Yes    ☐ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **September 4, 2019**    /s/ **Ronald Jones**
    **Ronald Jones**
    Debtor

Date: **September 4, 2019**    /s/ **Kathleen Jones**
    **Kathleen Jones**
    Joint Debtor

Date **September 4, 2019**    /s/ **David E. Sklar**
    **David E. Sklar 065882013 NJ**
    Attorney for the Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                            Case No. 19-14955-RG
Ronald Jones                                                      Chapter 13
Kathleen Jones
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin              Page 1 of 2           Date Rcvd: Sep 06, 2019
                              Form ID: pdf901          Total Noticed: 48

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 08, 2019.
```
db/jdb         +Ronald Jones,    Kathleen Jones,    10 Wood Street,    Wayne, NJ 07470-7348
cr             +Fay Servicing LLC,    Friedman Vartolo LLP,    85 Broad Street,    Suite 501,
                 New York, NY 10004-1734
r               John G Susani,    52-54 Holsman Street,    Paterson, NJ   07522
518077086      +Account Resolution Services,    Attn: Bankruptcy,    Po Box 459079,    Sunrise, FL 33345-9079
518077087      +Anila Gjini and Vladimir Gjini, C/o,    322 Route 46 West Suite 120,    Parsippany, NJ 07054-2340
518077088      +Ann Morrow,    75 Maiden Lane, Suite 205,    New York, NY 10038-4810
518346661      +Apex Healthcare,    400 Rella Blvd.,    Suffern, NY 10901-4239
518203584      +Atlantic Health System,    Patient Financial Services,    100 Madison Avenue,
                 Interoffice Box 905,    Morristown, NJ 07960-6136
518077091      +Celentano, Stadtmauer & Walentowicz,    1035 Route 46 East,    PO Box 2595,
                 Clifton, NJ 07015-2595
518259130      +Chilton Medical Center,    Attn: CCCB,    PO Box 1750,    Whitehouse Sta, NJ 08889-1750
518236262       Emergency Physicians Associate North Jersey,    PO Box 1123,    Minneapolis MN 55440-1123
518203581      +Fay Servicing,    440 LaSalle Street,    #2000,    Chicago, IL 60605-5011
518317578       Fay Servicing, LLC,    PO Box 814609,    Dallas, TX 75381-4609
518077094      +General Revenue Corporation,    Attn: Bankruptcy Dept.,    4660 Duke Dr., Ste 300,
                 Mason, OH 45040-8466
518077095      +Hackensack Univeristy Medical Center,    PO Box 48027,    Newark, NJ 07101-4827
518077096      +Hackensack University Medical Center,    30 Prospect Avenue,    Hackensack, NJ 07601-1915
518203602      +Jason Stiff,    54 Holsman St.,    Paterson, NJ 07522-1742
518077097      +John P. DeMaio,    75 Maiden Lane, Suite 205,    New York, NY 10038-4810
518077098      +KML Law Group, PC,    216 Haddon Avenue, Ste. 406,    Westmont, NJ 08108-2812
518077101      +Mercury/FBT,    Attn: Bankruptcy,    Po Box 84064,    Columbus, GA 31908-4064
518259264      +Montclair Radiology,    CCCB,    PO Box 1750,    Whitehouse Sta., NJ 08889-1750
518203594      +North American Partners in,    Anesthesia NJ,    PO Box 49,    Glen Head, NY 11545-0049
518259129      +Plains Cardio Pulmonary Assoc.,    CCCB,    PO Box 1750,    Whitehouse Sta, NJ 08889-1750
518077103      +Planet Home Lending,    Attn: Bankruptcy,    321 Research Pkwy Ste 303,    Meriden, CT 06450-8342
518077104      +Scipione, Berg & associates, LLC,    130 Clinton Road, Suite 201,    Fairfield, NJ 07004-2927
518259345      +St. Mary's Hospital,    CCCB,    PO Box 1750,    Whitehouse Sta, NJ 08889-1750
518077105      +Steven D. Potter, M.D.,    287 Boulevard Suite #1,    Pompton Plains, NJ 07444-1726
518346662       Steven Potter,    278 Boulevard, Ste 1,    Pompton Plains, NJ 07444
518077106      +Summit Collection Serv,    50 N Franklin Tpke Ste 5,    Ho Ho Kus, NJ 07423-1562
518203597      +SurgiCare of Ridgewood,    1124 E. Ridgewood Ave.,    Ridgewood, NJ 07450-3942
518203599      +Valley Physician Services,    PO Box 11653,    Belfast, ME 04915-4007
518259263      +Wilmington Savings Fund Society, FSB, et al,    c/o Planet Home Lending, LLC,
                 321 Research Pkwy #303,    Meriden, CT 06450-8342
518255786      +Wilmington Trust, National Association,    Trustee of MFRA Trust 2015-1,
                 c/o Fay Servicing, LLC,    3000 Kellway Drive,    Suite 150,    Carrollton, TX 75006-3357
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 07 2019 00:15:16     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ   07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 07 2019 00:15:12     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 07 2019 00:21:43
                 Synchrony Bankc/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518077089      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Sep 07 2019 00:15:45
                 Bayview Financial Loan,    Attn: Bankruptcy Dept.,    4425 Ponce De Leon - Blvd. 5th,
                 Miami, FL 33146-1873
518077090      +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Sep 07 2019 00:20:12     Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
518137012      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Sep 07 2019 00:20:29
                 Capital One Bank (USA), N.A.,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
518077092      +E-mail/Text: bankruptcy@certifiedcollection.com Sep 07 2019 00:14:59
                 Certified Credit & Collection Bureau,    PO Box 336,    Raritan, NJ 08869-0336
518077093      +E-mail/PDF: creditonebknotifications@resurgent.com Sep 07 2019 00:21:46     Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
518191135      +E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 07 2019 00:15:32
                 First Financial Investment Fund Holdings, Llc,    Jefferson Capital Systems LLC Assignee,
                 Po Box 7999,    Saint Cloud Mn 56302-7999
518120305       E-mail/PDF: resurgentbknotifications@resurgent.com Sep 07 2019 00:21:09     LVNV Funding, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
518077100      +E-mail/PDF: resurgentbknotifications@resurgent.com Sep 07 2019 00:21:07
                 LVNV Funding/Resurgent Capital,    Attn: Bankruptcy,    Po Box 10497,
                 Greenville, SC 29603-0497
518077099      +E-mail/Text: bk@lendingclub.com Sep 07 2019 00:15:48     LendingClub,    Attn: Bankruptcy,
                 71 Stevenson St, Ste 1000,    San Francisco, CA 94105-2967
518163476       E-mail/Text: bkr@cardworks.com Sep 07 2019 00:13:39     MERRICK BANK,
                 Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
518077102      +E-mail/Text: bkr@cardworks.com Sep 07 2019 00:13:39     Merrick Bank/CardWorks,
                 Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
```

```
District/off: 0312-2           User: admin                 Page 2 of 2                  Date Rcvd: Sep 06, 2019
                               Form ID: pdf901             Total Noticed: 48
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
518101344       +E-mail/PDF: gecsedi@recoverycorp.com Sep 07 2019 00:21:29      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                             TOTAL: 15

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Bascom Corporation,    c/o Allen J. Underwood II, Esq.,    Becker LLC,   354 Eisenhower Parkway,
                 Suite 1500,    Livingston
                                                                                   TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 08, 2019                                  Signature:  /s/Joseph Speetjens

___

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 5, 2019 at the address(es) listed below:
```
              Allen J. Underwood, II    on behalf of Creditor    Bascom Corporation ajunderwood@beckermeisel.com,
               ajunderwood@ecf.courtdrive.com
              David E. Sklar    on behalf of Joint Debtor Kathleen   Jones dsklar@scuramealey.com,
               ecfbkfilings@scuramealey.com;mmack@scura.com;lrichard@scura.com;jesposito@scuramealey.com
              David E. Sklar    on behalf of Debtor Ronald   Jones dsklar@scuramealey.com,
               ecfbkfilings@scuramealey.com;mmack@scura.com;lrichard@scura.com;jesposito@scuramealey.com
              Jonathan C. Schwalb    on behalf of Creditor    Fay Servicing LLC bankruptcy@friedmanvartolo.com
              Marie-Ann  Greenberg    magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Wilmington Savings Fund Society, FSB d/b/a
               Christiana Trust not in its individual capacity but solely as trustee for Bantam Funding Trust
               2018-1 rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                TOTAL: 7
```