UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Telephone: 973-696-8391
David E. Sklar (Attorney ID 065882013)
Email: dsklar@scura.com
Counsel for Debtors

FILED
JEANNE A. NAUGHTON, CLERK
OCT 17 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

In Re:

Ronald Jones and Kathleen Jones,

Debtors.

Case No.: 19-14955

Hearing Date: October 16, 2019

Chapter: 13

Judge: RG

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☐ Followed | ☒ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3) is **ORDERED**.

10-17-19

/s/ Rosemary Gambardella
USBJ

After review of the Debtor's motion for authorization to sell the real property commonly known as _____52-54 Holsman Street, Paterson, New Jersey_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 2016-1(d) and D.N.J. LBR 6004-5, the following professional(s) shall be paid at closing.

| | |
|---|---|
| Name of professional: | David Wigfield, Esq. & Coldwell Banker Susani Realty |
| Amount to be paid: | Attorney Fee pending fee application & 5% of sale price (Realtor) |
| Services rendered: | Sale of property located at 52-54 Holsman Street, Paterson, New Jersey |

**OR:** ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $___22,765___ claimed as exempt shall be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case. The balance of the proceeds will be determined by deducting the first mortgage amount, the property tax lien, reasonable closing costs, special counsel fees, and realtor commissions from the sale proceeds.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days ☒ after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

The fourteen-day stay is waived pursuant to Fed. R. Bankr. P. 6004(h).

The property tax lien held be Bascom Corporation shall be satisfied in full at closing. As of September 19, 2019, Bascom Corporation was owed $2,663.73 with $1.05 of per diem interest accruing until the closing for the sale of the Property. As part of its secured claim, Bascom Corporation shall be granted allowed attorneys fees of $3,000.00. Therefore, as of the September 19, 2019, Bascom Corporation's secured claim was $5,691.80.

*rev.8/1/15*